**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| ANTOINE MOODY, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 1:03-CV-75 (WLS) |
| | : | |
| CITY OF ALBANY, ET. AL., | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Presently pending before the Court are Defendants Tommy Bruce's and Jerry Folmar's joint motion for clarification of this Court's January 20, 2006, order. (Tab 97). The Defendants' question whether the Court's previous order allows Plaintiff to articulate new theories of recovery that were not alleged in the complaint, in other words, whether the order allows Plaintiff to amend his complaint. The simple answer is "no." The order was intended to direct Plaintiff to clearly articulate each and every theory of recovery that he maintains was pled in the complaint. There appears to be some confusion between the parties as to whether or not Plaintiff pled certain theories of recovery. Therefore, in order to adequately alert the parties and the Court, Plaintiff shall clearly assert all theories of recovery no later than close of business  Friday, January 27, 2006, each and every theory of recovery that he maintains is pled in the complaint. As stated previously, Plaintiff will be bound by said assertions in the future, notwithstanding any other oral or written assertions. Plaintiff shall of course cite to relevant paragraphs of his complaint which he contends state the basis for an asserted claim. Defendants will then have the opportunity to challenge with specificity each and every assertion in their renewed motions for summary judgment.

SO ORDERED,  this   26th   day of January, 2006.

____/s/W. Louis Sands_____
**W. Louis Sands, Chief Judge**
**United States District Court**