**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ANTOINE MOODY, : | |
|     Plaintiff : | |
| v. : | 1:03-CV-75 (WLS) |
| CITY OF ALBANY, GEORGIA, et. al., : | |
|     Defendants : | |

**ORDER**

The above-captioned case came before the Court for jury trial on January 17, 2006. (*See* Doc. 96).  At that time, the Court noted that various motions, including the subject Motions in Limine (Docs. 73, 74, 76, 77, 78) and to Amend (Doc. 75), had been filed after the close of business on January 13, 2006.  (*See* Doc. 96).   In light of said filings, the Court conducted a hearing on the Motions in Limine and the then-pending Motions to Continue and for Reconsideration. (Docs. 81, 94).    Upon review of the parties' written submissions and the oral arguments made at the hearing, the Court issued rulings on the Motions in Limine from the bench.  (*See* Doc. 96).   By separate Order, the Court granted Plaintiff's Motions to Continue and for Reconsideration.  (Doc. 95).

**I.**     **Officer Messer and the Georgia First Offender Act**

The Court found that, absent a showing of an adjudication by a court or a statutory exception to the Georgia First Offender Act, Officer Messer's guilty plea does not constitute a conviction under Georgia law such that Plaintiff may introduce the same to attack Officer Messer's credibility.  *See* Fed. R. Evid. 803 (permitting evidence of a witness' prior **conviction** of a felony or crime of moral turpitude to be entered for purpose of challenging the witness' credibility).   Accordingly, Defendants' Motion in Limine (Doc. 73) is **GRANTED**.

**II.**    **The Court's Grant of Summary Judgment to or the Existence of a Former Party**

As to this Motion in Limine, the Court found that there is no value in discussing or

referencing for legal purposes the existence of former parties.  However, the Court also found that there is no way that this case can be tried without mentioning any conduct of other persons, including former parties.  Having further noted the parties' agreement to the same, the Court ruled that the status of former parties, including that they have been dismissed for purposes of motions for summary judgment, would not be mentioned to the jury.  Any further explanation of said former parties' conduct would be explained to the jury as the Court deems necessary.  The Court will, as necessary, instruct the jury that no other parties are on trial.  Accordingly, Defendants' Motion in Limine (Doc. 74) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### III. Medical Records to be Used at Trial

Defendants move to redact a statement referring to the cause of the injuries reported by Casmarah Mimbs from any copy of the emergency department record at Pheobe Putney Hospital intended to be submitted at trial. (Doc. 77).  Noting that Plaintiff had no objection to Defendants' Motion, and for good cause shown, the Court **GRANTED** Defendants' Motion in Limine. (Doc. 77).

### IV. Pretextual Argument

Defendants move the Court to limit Plaintiff from putting forth arguments or evidence suggesting to the jury that there was a pretextual reason for the traffic stop at issue, arguing that the introduction of such arguments or evidence would be contrary to the Court's prior ruling in addition to being unfairly prejudicial to Defendants since they did not conduct the subject stop. (Doc. 78).   The Court, having found as a legal matter that Plaintiff was a passenger, found that the issue of why the car was stopped does not accrue to Plaintiff.  Accordingly, any comments, arguments or evidence on the appropriateness of the stop bears no relevance to Plaintiff's claims. Defendants' Motion in Limine (Doc. 78) is therefore **GRANTED**.  Counsel shall instruct partes and witnesses in accordance with this finding.

### V. Use of Racial Epithets or Slur by any Defendant

Finally, Defendants ask the Court, pursuant to Fed. R. Evid. 404(b) to rule inadmissable any evidence of prior instance of alleged racial slur or epithet used in the past by any Defendant.

(Doc. 79). Based on the parties' submissions and oral arguments, the Court was not satisfied that such evidence was clearly admissible or inadmissible. The Court further found that the context of such alleged statements at trial would aid it in its determination of admissibility. Defendants' Motion in Limine (Doc. 79) is therefore carried with the case. Neither counsel, the parties, nor witnesses shall refer to such alleged statements in the presence of jurors until and unless the Court rules the same admissible.

## VI. Defendants' Motion to Amend

Defendants move the Court to amend the pretrial order to add certified copies of convictions of various witnesses to their exhibit list. (Doc. 75). At the hearing, Plaintiffs objected to the same in the form of a motion in limine. To the extent that Defendants' exhibits consist of copies of misdemeanor convictions not involving moral turpitude that are intended to be used for impeachment purposes, the Court reminded the parties that such evidence would be inadmissible. To the extent that such evidence is arguably relevant to a material issue, the Court determined that a ruling on its admissibility is premature. Defendants' Motion to Amend (Doc. 75) is therefore **GRANTED** in accordance with the foregoing.

## CONCLUSION

For the foregoing reasons, together with those announced in open court, Defendants' Motions in Limine (Docs. 73, 77, 78) are **GRANTED**; Defendants' Motion in Limine (Doc. 74) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Defendants' Motion to Amend (Doc. 75) is **GRANTED**; and Defendants' Motion in Limine (Doc. 79) is carried with the case.

**SO ORDERED**, this   12th   day of June, 2006, *Nunc pro tunc*, January 17, 2006.

        /s/W. Louis Sands  
**W. LOUIS SANDS, CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**