IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ANTOINE MOODY, :
:
    Plaintiff :
:
v. : 1:03-CV-75 (WLS)
:
CITY OF ALBANY, et. al., :
:
    Defendants :
:

## ORDER

Before the Court is Plaintiff's Motion in Limine (Doc. 79), Defendants Joe Messer and Defendant Scott Mullen's ("Officer Defendants") Motion for Summary Judgment (Doc. 102), Defendants Tommy L. Bruce and Jerry Folmar's ("Deputy Defendants") Motion for Summary Judgment (Doc. 103), Plaintiff's Motion to Amend/Correct (Doc.112), Deputy Defendants' Motions in Limine (Docs. 117, 118, 119), Dougherty County, Sheriff Jamil Saba, and Deputy Defendants' Motion to Amend/Correct (Doc. 126) and Plaintiff's Motion in Limine (Doc. 130).

On June 12, 2006, in open court, the Court issued a ruling from the bench, pursuant to which Officer Defendants' Motion for Summary Judgment (Doc. 103) was **GRANTED**; Deputy Defendants' Motion for Summary Judgment (Doc. 102) was **GRANTED-IN-PART** and **DENIED-IN-PART**; and Plaintiff's Motion in Limine (Doc. 130) as modified at the hearing was **GRANTED-IN-PART** and **DENIED-IN-PART**.[1] Accordingly, there remained for trial Plaintiff's claims against Deputy Defendants for: 1) illegal arrest brought under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights, 2) false imprisonment under Georgia law, 3) retaliation for exercise of First Amendment rights brought under Section 1983, and 4)

---

[1] Upon consideration of the same, and for reasons stated in open court, the Court ruled that Deputy Defendants' expert, Fred G. Robinette, III should be permitted to testify generally as to what may or may not constitute excessive use of force, but not as to the veracity of witness testimony or to the truthfulness of the subject claims. Plaintiff's Motion in Limine (Doc. 130) was therefore **GRANTED-IN-PART** and **DENIED-IN-PART**.

1

malicious prosecution under Georgia law and Section 1983.  Plaintiff's Motion in Limine regarding prior use of racial epithets by Defendant Folmar (Doc. 79) was carried to trial.

The above-captioned action was set to begin trial on Tuesday, June 13, 2006 at 8:30 A.M.  Thereafter, the parties notified the Court in the late afternoon of June 12, 2006 that this case had reached a settlement and therefore did not require a trial.

While the Court had stated on the record that it would issue written orders in addition to the bench rulings on the instant motions, based on the parties' representations that this case has been settled, the Court finds that such written orders would not be beneficial to the parties and would serve no useful purpose to the Court as they may have had the case not been settled. Additionally, the Court notes that Deputy Defendants' Motions in Limine (Docs. 117, 118, 119) and Dougherty County, Sheriff Jamil Saba, and Deputy Defendants' Motion to Amend/Correct (Doc. 126) had been filed, but were not submitted for the Court's review at the time of settlement.  Settlement having been reached, the Court finds further consideration of said motions (Docs. 117,118, 119, 126) unnecessary and **DENIES** the same **AS MOOT WITHOUT PREJUDICE**.  While Plaintiff's Motion in Limine (Doc. 79) and Plaintiff's Motion to Amend/Correct (Doc. 112) were submitted for the Court's review at the time of settlement, in light of the parties' settlement, said motions are also **DENIED AS MOOT WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, as well as those stated in open court, Plaintiff's Motion in Limine (Doc. 79) is **DENIED AS MOOT  WITHOUT PREJUDICE**; Deputy Defendants' Motion for Summary Judgment (Doc. 102) was **GRANTED-IN-PART** and **DENIED-IN-PART**; Officer Defendants' Motion for Summary Judgment (Doc. 103) was **GRANTED**; Plaintiff's Motion to Amend/Correct (Doc. 112) is **DENIED AS MOOT WITHOUT PREJUDICE**; Deputy Defendants' Motions in Limine (Docs. 117, 118, 119) are **DENIED AS MOOT WITHOUT PREJUDICE**; Dougherty County, Sheriff Jamil Saba, and Deputy

Defendants' Motion to Amend/Correct (Doc. 126) is **DENIED AS MOOT WITHOUT PREJUDICE**; and  Plaintiff's Motion in Limine (Doc. 130) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The parties are hereby **ORDERED** to file their dismissal document(s) by **Friday, July 14, 2006.**  In the event the parties are unable to file said document(s) by that date, the parties shall instead file a written status report concerning an agreement to settle or for the entry of final settlement

**SO ORDERED**, this   13th   day of June, 2006.

           /s/W. Louis Sands
           **W. LOUIS SANDS, CHIEF JUDGE**
           **UNITED STATES DISTRICT COURT**